UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

OTIS S.,[1]

      **Plaintiff,**

v.                                        Civil Action No. 2:23cv83

KILOLO KIJAKAZI,
*Acting Commissioner of
Social Security,*

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a Complaint appealing the denial of his request for Social Security benefits. (ECF No. 3). Defendant responded to the Complaint by filing a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, along with a supporting brief and notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K). (ECF Nos. 10-12). The court received no response to the Motion to Dismiss from the pro se Plaintiff, and thereafter ordered that if Plaintiff intends to proceed in this action, he should file a response to the Moton on or before August 2, 2023. (ECF No. 14). The Order cautioned Plaintiff that failure to comply with this directive may result in the matter being submitted to a United States District Judge along with a recommendation for dismissal. Plaintiff filed no response, and the time fixed to do so has now expired. As explained below, this Report recommends the court dismiss the Complaint as Plaintiff has failed to obtain a final decision on his application for benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits July 14, 2021. See Declaration of Janay Podraza ("Podraza Decl.") at ¶ 3(a), Ex. 1 (ECF No. 11-1 at 4-5). The claim was denied initially and on reconsideration. Id. at 2-3, 6-11. On November 23, 2020, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Id. at 3, 12-21. The ALJ issued an unfavorable decision on July 29, 2022. Id. at 3, 22-41. Plaintiff pursued no further administrative appeal. Id. at 3. Instead, on March 6, 2023, almost eight months after the ALJ's unfavorable decision, Plaintiff filed a civil action in this court. Compl. (ECF No. 3). Following service, the Commissioner filed a Motion to Dismiss or in the Alternative for Summary Judgment, (ECF No. 10), attaching the Podraza Declaration which outlines the procedural history of Plaintiff's administrative claim. The Commissioner argues that Plaintiff's claims fail under Rule 12(b)(6) because he has not obtained a "final decision" of the Commissioner, required to obtain judicial review under 42 U.S.C. § 405. Def.'s Br. Supp. Mot. Dismiss (ECF No. 11). Plaintiff was served with the Motion, along with the Notice to Pro Se Parties required by Local Rule 7(K). (ECF No. 12). After Plaintiff's time to respond expired, the court entered an Order, (ECF No. 14), directing Plaintiff to respond by August 2, but he did not. Accordingly, the matter is ripe for decision.

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading fails to meet this standard and is subject to dismissal under Rule 12(b)(6) when it does not "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Twombly, 550 U.S. at 555. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not state a claim. Iqbal, 556 U.S. at 678.

The United States Supreme Court has described the motion to dismiss analysis in two parts. First, the court must accept the allegations of fact as true. Id. However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. After reviewing the allegations, the court must then consider whether they are sufficient to state a plausible claim for relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A Rule 12(b)(6) motion, then, should be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III. ANALYSIS

42 U.S.C. § 405(g) authorizes judicial review of cases arising under Title II of the Act.[2] The statute provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

---

[2] Judicial Review under Title XVI "shall be subject to judicial review as provided in Section 405(g) of this Title to the same extent as the Commissioner's final determinations under Section 405 of this Title." 42 U.S.C. 1383(c)(3). Thus, the requirements for judicial review of agency decisions under Title XVI are identical to those under Title II of the Act.

3

within 60 days of the mailing to him of such notice of such decision or within such further time as the Commissioner of Social Security may allow.

Under 42 U.S.C. § 405(h), Congress explicitly authorized judicial review only in accordance with Section 405(g). Smith v. Berryhill, 139 S.Ct. 1765, 1772 (2019) (Congress made clear that review would be available only 'as herein provided' — that is, only under the terms of Section 405(g)).

The plain language of Section 405(g) requires a "final decision of the Commissioner." 42 U.S.C. § 405(g). And the implementing regulations provide that "a claimant must complete the four step administrative review process to obtain a judicially reviewable final decision." 20 C.F.R. §§ 404.900(a), 416.1400(a). The final step in this process is requesting review of an ALJ decision by the Appeals Council, the final arbiter in the Social Security administrative process. Id.; Smith, 139 S.Ct. at 1772. "[B]y requiring a final decision of the Commissioner as a condition for judicial review, Section 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit." L.N.P. v. Kijakazi, 64 F.4th, 577, 583 (4th Cir. 2023). In this case, Plaintiff alleges that his claim was denied by the ALJ, but he failed to allege exhaustion of administrative remedies. In addition, he has not alleged that he received a "final decision" from the Commissioner. Compl. (ECF No. 3). In its motion, the Commissioner's supporting declaration and argument establish that the Commissioner has no record of Plaintiff receiving a final decision on the present claim for benefits. Podraza Decl. ¶ 3(c). Plaintiff was twice provided notice of this defect in his complaint and that failing to respond to the Commissioner's arguments may result in a recommendation for dismissal. (ECF Nos. 12, 14). He has failed to respond, and failed to establish the necessary prerequisite of obtaining the Commissioner's final decision and exhausting administrative remedies.

Although exhaustion may, in unusual circumstances, be excused, Plaintiff has not asserted any such circumstances. Smith, 139 S.Ct. at 1773 (citing Bowen v. City of New York, 476 U.S.

4

467, 484 (1986)). To justify excusing the exhaustion requirement, the plaintiff must demonstrate three conditions: (1) the claims in the lawsuit are collateral to claims for benefits; (2) the plaintiff would be irreparably injured were the exhaustion requirement enforced against them; and (3) exhaustion would have been futile. L.N.P., 64 F.4th at 586.

Plaintiff has not pled or argued that exhaustion should be excused in his case, but the court independently assessed the pleadings to determine whether they allege any basis to do so. They do not. Plaintiff's claims are not collateral to a claim for benefits but appear to relate directly to his previous denial of benefits. Compl. (ECF No. 3 at 4). Nor has Plaintiff alleged irreparable injury, or futility of exhaustion. In short, Plaintiff's bare bones complaint fails to plausibly allege a receipt of "final decision" necessary for judicial review, or any cognizable basis to excuse that requirement.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court GRANT Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, (ECF No. 10), and DISMISS Plaintiff's claims without prejudice for failure to exhaust administrative remedies.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A

party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 9, 2023